IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SHANAE MOORE,<br>                    Plaintiff<br>     v.<br><br>IQ DATA INTERNATIONAL, INC.;<br>TRANS UNION LLC;<br>EQUIFAX CREDIT INFORMATION<br>SERVICES, INC.;<br>EXPERIAN INFORMATION<br>SOLUTIONS, INC.,<br>                    Defendants | CIVIL ACTION<br><br>No. |

## COMPLAINT

### INTRODUCTION

This is an action for damages brought by a consumer pursuant to the Fair Credit Reporting Act ("FCRA"), and Fair Debt Collection Practices Act ("FDCPA"). Defendant collection agency wrongfully reported a debt on a credit report which was not plaintiff's and continued to report it inaccurately after plaintiff disputed it multiple times. After notice from plaintiff of a dispute, the defendant Credit Reporting Agencies conducted unreasonable investigations of the credit dispute resulting in continued inaccurate reporting.

### JURISDICTION

1. Jurisdiction arises under the FCRA, 15 U.S.C. §1681p, the FDCPA, 15 U.S.C. §1692k, 28 U.S.C. §1332, and 28 U.S.C. §1337. Supplemental jurisdiction over the state law claims arises under 28 U.S.C. §1367. Venue is proper in this district as all defendants do business here.

**PARTIES**

2. Plaintiff is Shanae Moore, an adult individual and a consumer who resides at 419 West 9th Street, Apt. 408, New Castle, DE 19702.

3. Defendant Trans Union Corporation is a foreign corporation, authorized to do and doing business in the Commonwealth of Pennsylvania, incorporated in the State of Delaware, and having offices at 2 Baldwin Place, Chester, PA 19022.

4. Defendant Equifax Credit Information Services, Inc., is a foreign corporation, authorized to do and doing business in the Commonwealth of Pennsylvania, incorporated in the State of Georgia, with a principal place of business in the State of Georgia, who can be served through its agent for service of process, CT Corp. System, 906 Olive Street, St. Louis, Missouri 63101.

5. Defendant Experian Information Solutions, Inc. is a foreign corporation, authorized to do and doing business in the Commonwealth of Pennsylvania, incorporated in the State of Ohio, who can be served at its Registered Agent, CT Corporation System, LLC, Harrisburg PA.

6. Defendant IQ Data International, Inc. ("IQ DATA") is a business entity that regularly conducts business in the Eastern District of Pennsylvania and which has a principal place of business located at 1010 SE Everett Mall Way, Suite 100, Everett, WA 98208.

7. IQ DATA regularly attempts to collect debts alleged to be due another and is a debt collector as defined by 15 U.S.C. §1692a(6).

8. IQ DATA regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about credit transactions or experiences

with consumer(s). Accordingly, IQ DATA is a furnisher of credit information as contemplated in the FCRA, 15 U.S.C. §1681s-2(a) and (b).

9. The Defendants, Equifax, Experian, And Transunion are consumer reporting agencies (hereinafter collectively referred to as "the Agencies") as defined in 15 U.S.C. §1681(f) of the Act, regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports as defined in §1681(a)(b) of the Act, to third parties for monetary compensation.

## FACTUAL ALLEGATIONS

10. Prior to the events described hereinafter, plaintiff rented a residential unit at Jefferson at Westtown Apts., unit 1427, 1000 Skiles Blvd., West Chester, PA.

11. Plaintiff vacated her unit on June 27, 2016.

12. Plaintiff paid the prorated $45 rent due for July 1st via check which represented payment in full of her total rental obligations under the rental agreement with Jefferson at Westtown ("the rental agreement").

13. On or about July 2, 2016, property manager for Jefferson at Westtown wrongly debited $1233.95 from plaintiff's checking account to pay an additional month's rent that was not due under the rental agreement.

14. On or about July 2016, Plaintiff filed a dispute with her depositor bank, Bank of America, which resulted in return of $1,233.95 to her deposit account.

15. On or about August 9, 2016, plaintiff received a collection phone call from IQ DATA regarding unpaid rent for the month of August under the rental agreement (hereinafter "the alleged debt").

16. On or about August 4, 2016, defendant IQ DATA had reported plaintiff's debt to TU as "placed for collection".

17. On or about August 9, 2016, Jefferson emailed plaintiff and John Doe 1 that plaintiff did not owe the debt.

18. On or about September 19, 2016, after receiving more phone calls from IQ DATA to collect the debt, Jefferson again emailed plaintiff and John Doe 1 that plaintiff did not owe the debt.

19. Jefferson at Westtown never reached out to plaintiff via phone or letter alleging rent due to it before referring the debt to IQ DATA.

20. On or about December, 2016, plaintiff mailed to IQ DATA a certified letter disputing the debt, providing information in support of her dispute, and demanding verification of the debt.

21. On or about November 18, 2016, IQ DATA responded to plaintiff's contact regarding the debt by attaching documentation supporting the debt from Jefferson.

22. On or about November 27, 2016, plaintiff filed an electronic dispute with Transunion disputing any derogatory reporting of the debt belonging to her.

23. On or January 3, 2017, Transunion's reinvestigation inaccurately verified with IQ DATA that the debt was a collection account and that is was zeroed out after collection by a collection payment by plaintiff rather than accurately deleting the inaccurate collection references rather than merely noting "acct info disputed by consumer".

24. On or about December 28, 2016, plaintiff filed a dispute with Equifax disputing the debt belonging to her.

25. Within the relevant statutory period, Equifax failed to respond to plaintiff's dispute or conduct any reinvestigation of the dispute and/or its reinvestigation inaccurately verified that the debt belonged to plaintiff.

26. On or about December 28, 2016, plaintiff filed a dispute with Experian disputing the debt belonging to her.

27. Within the relevant statutory period, Experian failed to respond to plaintiff's dispute or conduct any reinvestigation of the dispute and/or its reinvestigation inaccurately verified that the debt belonged to plaintiff.

28. The aforesaid credit reporting by IQ DATA was misleading and deceptive because the debt was never owed and therefore never paid by plaintiff to IQ DATA.

29. The Agencies did not conduct a proper or adequate reinvestigation, but rather simply parroted inaccurate information furnished by IQ DATA contradicted by IQ DATA's own creditor client.

30. IQ DATA failed to conduct a proper reinvestigation, and instead verified as accurate that the debt was owed by plaintiff and paid in collection.

**Causes of Action**

### COUNT I - FAIR CREDIT REPORTING ACT
### (Plaintiff v. IQ DATA)

16. All paragraphs above are re-alleged as though fully set forth herein.

17. At all times material herein, Plaintiff is a consumer as that term is defined by 15 U.S.C. §1681a(c).

18. IQ DATA reported negative, misleading, and derogatory information to the credit bureaus by stating the debt account as belonging to plaintiff.

19. Plaintiff has repeatedly contacted IQ DATA, both directly and through

disputes to the Agencies, to dispute the information furnished to the credit bureaus, requesting that the false, negative and derogatory credit reporting be removed.

20. IQ DATA, instead of correcting the inaccurate reporting, re-verified it.

21. IQ DATA is still reporting false and inaccurate information as of the date of this complaint.

22. At all times relevant hereto, IQ DATA knew or should have known that it was reporting false, inaccurate, and derogatory information about plaintiff

23. Pursuant to 15 U.S.C. §1681s-2(b), a furnisher of information has a duty upon notice of dispute to conduct a proper investigation with respect to the disputed information and report the results of the investigation to the consumer reporting agency.

24. IQ DATA failed to conduct a reasonable and adequate investigation or reinvestigation.

25. IQ DATA has willfully and/or negligently failed and refused to remove the inaccurate credit information, but instead is misusing the credit reporting system as a club to coerce payment of a debt not lawfully due or owing.

26. IQ DATA has violated the Fair Credit Reporting Act by willfully and/or negligently failing to comply with the requirements imposed under 15 U.S.C. §1681s-2(b), including the failure to fully and properly investigate plaintiff's dispute and by failing to correctly report to each of the credit bureaus.

27. As a result of IQ DATA's willful, wanton, reckless, and/or negligent action, plaintiff has been damaged.

28. Plaintiff has suffered mental and emotional distress, worry, humiliation, embarrassment and damage to reputation as a result of said defendant's actions.

29. Plaintiff has suffered pecuniary loss, suffered credit damages and expended significant time and effort trying to correct her credit report.

## COUNT II - FAIR CREDIT REPORTING ACT
### (Plaintiff v. The Agencies)

29. All paragraphs above are re-alleged as though fully set forth herein.

30. Under the FCRA, The Agencies are required to report accurate information and to conduct a proper investigation of disputed information. 15 U.S.C. §1681i(a):

"If the completeness or accuracy of any item of information contained in a consumer's file is disputed by a consumer, and such dispute is directly conveyed to the consumer reporting agency by the consumer, the consumer reporting agency shall within a reasonable period of time reinvestigate and record the current status of that information … If after such reinvestigation such information is found to be inaccurate or can no longer be verified, the consumer reporting agency shall promptly delete such information."

31. §1681e(b) of the Act provides:

"Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates."

32. The Agencies failed to conduct a reasonable and adequate investigation into plaintiff's dispute of the credit reporting of the debt and continued to report false and inaccurate information on plaintiff's credit reports.

33. The Agencies simply parroted the information provided by IQ DATA.

34. As a result of The Agencies' willful, wanton, reckless, and/or negligent action, plaintiff has been damaged.

35. Plaintiff has suffered mental and emotional distress, worry, humiliation, embarrassment and damage to reputation as a result of said defendant's actions.

36. Plaintiff has suffered pecuniary loss, suffered credit damages and expended significant time and effort trying to address her credit report.

37. The Agencies willfully and/or negligently violated the provisions of the FCRA in the following respects:

   a) by willfully and/or negligently failing, in the preparation of the consumer reports concerning plaintiff, to follow reasonable procedures to assure maximum possible accuracy of the information in the reports.

   b) by willfully and/or negligently failing to reinvestigate pursuant to 15 U.S.C. §1681i.

## COUNT III – Violations of the FDCPA
### (Plaintiff v. IQ DATA)

31. All paragraphs above are re-alleged as though fully set forth herein.

32. Defendants are "debt collectors" as defined by 15 U.S.C. § 1692a(6).

33. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

34. The foregoing contacts between IQ DATA and Plaintiff were "communications" relating to a "debt" as defined by 15 U.S.C. § 1692a(2) and 1692a(5) of the FDCPA.

35. Defendant IQ DATA's conduct violated the FDCPA as described above, including but not limited to:

   a) §1692 e(8), communicating false credit information;

   b) §1692e(10) and e(2) used false representation or deceptive means to collect a debt.

   c) §1692f unfairly and unconscionably sought to collect the debt.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendants for the following:

A. Declaratory judgment that defendant IQ DATA's conduct violated the FDCPA.

B. Actual and Statutory damages and Reasonable attorney fees and costs against defendant IQ DATA pursuant to 15 U.S.C. § 1692k;

C. Actual, Statutory, and punitive damages under the FCRA against all defendants.

D. Such other and further relief as the Court shall deem just and proper.

## TRIAL BY JURY

36. Plaintiff is entitled to and hereby respectfully demands a trial by jury. US Const. amend. 7. Fed. R. Civ. Pro. 38.

Dated: March 13, 2017

RC 935
ROBERT P. COCCO, P.C.
Attorney for Plaintiff
By: Robert P. Cocco, Esquire
Pa. Id. No. 61907
1500 Walnut Street, Suite 900
Philadelphia, PA 19102
(215) 351-0200